UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-20064-Cr-SEITZ/O'SULLIVAN

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

**KEVIN EUGENE MANGHAM,**

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter came before the Court pursuant to the Defendant Mangham's Motion to Suppress Statements and Incorporated Memorandum of Law (DE#17, 3/23/09). Having heard oral argument and carefully considered the defendant's motion, the Court file and applicable law, the undersigned respectfully recommends that Defendant Mangham's Motion to Suppress Statements be **DENIED**.

## BACKGROUND

The defendant, having been previously been convicted of a crime punishable by imprisonment for a term exceeding one year, is charged with possessing a firearm and ammunition in and affecting interstate commerce in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e). The defendant is alleged to have possessed a loaded firearm in his residence.

## FINDINGS OF FACT

On October 16, 2008 the Homestead Police Department Tactical Narcotics Team executed a search warrant for narcotics and contraband on an apartment located

at 1564 SW 4 St., in Homestead, Florida.  The defendant, Kevin Mangham, was on the scene located in front of the building while his girlfriend, Ebony Jones, and their two children were inside the apartment. Jones was put in flex cuffs and, with her children, removed from the apartment for the remainder of the search.  After the scene was secured, the apartment was searched and a 9mm Ruger loaded handgun, marijuana, small plastic bags, and a digital scale were found.  Ms. Jones then gave a statement to the detectives that she did not own the gun but that her boyfriend, the defendant, purchased it 3-4 months prior to that day.  The defendant was restrained outside of the residence and identified himself to Detective Diener.  The defendant stated that he wanted to talk to Detective Diener.  Detective Diener told the defendant that he could give a statement after being taken to the Homestead Police Station.

The defendant was arrested and taken to the Homestead Police Station.  While in custody, the defendant was presented with a Miranda form by Detective Guerrero. The defendant signed the form and waived his Miranda rights.  The defendant then filled in the bottom of the Miranda form, stating that he stayed with Ms. Jones from time to time, sold weed to help her pay for their children, and had the firearm in the apartment "just to have" but did not ever shoot it.  He stated that he purchased the firearm six months prior to that day for $100 and that it was kept in the closet.

Photographs were taken of the firearm recovered from the apartment.  The photographs were shown to the defendant.  The defendant wrote on the photographs that the firearm was purchased for $100 six months prior to that day and kept in the bedroom closet.  The defendant denied ever having shot the firearm.  The defendant's written statements on the photographs were witnessed and signed by Detective

Guerrero.  Detective Guerrero did not threaten the defendant in regards to the defendant's children.

## DISCUSSION

The defendant alleges that his statements were coerced and involuntary.  In order to establish a valid waiver of Miranda rights, the government must show, by a preponderance of the evidence, that the defendant voluntarily, knowingly, freely and intelligently waived those rights, with knowledge of the consequences of the waiver. Colorado v. Connelly, 479 U.S. 157, 168 (1986); see Moran v. Burbine, 457 U.S. 412, 421 (1986); Miller v. Dugger, 838 F.2d 1530, 1538 (11th Cir. 1988).  The validity of the waiver depends upon the totality of the circumstances and particular facts surrounding the case, including the background, experience, and conduct of the accused.  Edwards v. Arizona, 451 U.S. 477, 482 (1981); see Moran, 457 U.S. at 421.  Factors that should be considered in making such a determination include: age of the accused, educational level, level of intelligence, whether there was advisement of constitutional rights, length of detention, and the nature of the questioning.  See Townsend v. Sane, 372 U.S. 293, 307 (1962); see also, Moore v. Dugger, 856 F. 2d 129, 134-135 (11th Cir. 1988); Coleman v. Singletary, 30 F. 3d 1420, 1426 (11th Cir. 1994).

When he arrived at the police station, the defendant was advised of his constitutional rights and given a Miranda form.  The defendant then agreed to waive his Miranda rights and signed the waiver form, initialing each line.  The defendant gave all of his statements to detectives following his waiver of Miranda rights.

The defendant's allegation that detectives threatened to put his children under

State authority if he did not admit to owning the firearm is not supported by the testimony of Detective Guerrero. . Detective Guerrero told him only to write what the defendant wanted to say in light of why he was arrested. After filling out the Miranda form, the defendant wrote his statements on both the Miranda form and the photographs. Statements made as a product of free and deliberate choice rather than intimidation, coercion or deception are considered voluntary. Bradley v. Nagle, 212 F.3d 559, 565 (11th Cir. 2000).

There is no evidence that the defendant was coerced or did not provide his statements voluntarily. Detective Guerrero's testimony that the defendant was not threatened in regards to his children is unrefuted. The defendant understood and waived his Miranda rights voluntarily without coercion by the detective.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Defendant's Motion to Suppress Statements be **DENIED.** Pursuant to 28 U.S.C. §636(b)(1)(B) and (c), the parties may serve and file written objections to this Report and Recommendation with the Honorable Judge Seitz, United States District Judge, within ten (10) days of receipt of a copy of this Report and Recommendation. See Nettles v. Wainwright, 677 F. 2d 404 (5th Cir. 1982).

Respectfully submitted at the United States Courthouse, Miami, Florida this 7th day of May 2009.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Seitz
All counsel of record